DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas which, upon remand by this court for resentencing, imposed the maximum sentence of ten years imprisonment on appellant's conviction of one count of involuntary manslaughter. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following as his sole assignment of error:
"I. The Trial Court Erred to the Prejudice of Appellant by Misapplying Ohio's Current Sentencing Statutes to the Facts of Appellant's Case and Thereby Rendering a Sentence that is Not Supported by the Record and is Contrary to Current Ohio Law."
The facts that are relevant to the issues raised on appeal are as follows. On June 8, 2000, appellant was indicted on one count of murder in violation of R.C. 2903.02(A). On July 27, 2000, appellant entered a guilty plea to one count of involuntary manslaughter in violation of R.C. 2093.04(A) and by judgment entry filed September 1, 2000, the trial court sentenced appellant to serve the maximum sentence of ten years. Appellant filed a timely appeal and on September 14, 2001, this court reversed the judgment of the trial court as to the sentence only and remanded the matter for resentencing. State v. Kessinger (Sept. 14, 2001), Erie App. No. E-00-055.
This court's decision was based upon our finding that the trial court had failed to comply with the statutory requirements set forth in R.C.2929.14(C) with regard to imposition of a maximum sentence. Pursuant to R.C. 2929.14(C), the maximum sentence may be imposed "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." This court found that the first two conditions are the only ones which could apply in this case and that the trial court had failed to indicate at the sentencing hearing or in its judgment entry that it had found that appellant had committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes.
On October 9, 2001, a hearing was held in the trial court for the purpose of resentencing. In its judgment entry filed on October 11, 2001, the trial court stated as follows: "The court further finds pursuant to R.C. § 2929.14(C) that the offense committed is the worst form of the offense and that the maximum sentence is appropriate." Appellant now asserts on appeal that the trial court again failed to "truly find" the existence of one of the criteria set forth in R.C.2929.14(C) for imposition of a maximum sentence. Appellant argues that when imposing sentence the trial court did not find that the offense was the worst form of the offense but that it was merely "one of the worst forms." In support of his argument, appellant cites the following statement made by the trial court at the hearing: "* * * I am making the finding that this is one of the worst forms of the offense * * *." Appellant argues that there is a fundamental difference between committing "one of the worst forms" and "the worst form" of an offense. In making his argument, however, appellant looks only at the transcript of the sentencing hearing and ignores the trial court's judgment entry of sentence in which the court stated, as noted above, its finding pursuant to R.C. 2929.14(C) that "* * * the offense committed is the worst form of the offense * * *." Based on the clear language of the judgment entry of sentence, this court finds that the trial court has complied with the requirements of R.C. 2929.14(C) for imposition of the maximum sentence, and appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.